IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS R. BIRCKBICHLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1655 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| BUTLER COUNTY PRISON; BUTLER | ) | |
| COUNTY PRISON BOARD; COUNTY | ) | |
| OF BUTLER; SOUTHERN HEALTH | ) | |
| PARTNERS, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before this Court is plaintiff's motion for the appointment of counsel (Dkt. 50), which requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent plaintiff in the prosecution of this action.

The plaintiff, Douglas R. Birckbichler, an inmate at the State Correctional Institution at Greene, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs against Butler County Prison, Butler County Prison Board, County of Butler and Southern Health Partners. In his complaint, plaintiff alleges that he suffers from AIDS and that defendants have refused to provide him with medical care.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives

the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of plaintiff's allegations, it would appear that the appointment of counsel is not warranted and, therefore, we will not exercise our discretion.

Initially, it does not appear with any degree of certainty that plaintiff is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the complaint are neither difficult not complex, and nothing in the record indicates that plaintiff is incapable of presenting his case. To the contrary, plaintiff's ability to communicate with the court and present issues and evidence are evident from the number of motions he has filed to date. Similarly, the third consideration – the degree to which factual investigation will be necessary and plaintiff's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since plaintiff's case would basically rely on his testimony and documentary evidence which will be produced during discovery.

Further, while it may be that the credibility of witnesses will be at issue in the case, it does not appear that the case will become a "swearing contest," nor is it clear at this juncture that proper adjudication will require the testimony of expert witnesses. Indeed, the only factor that seemingly weighs in plaintiff's favor at this time is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. This factor alone, however, does not entitle plaintiff to appointed counsel but should be considered only when the other factors weigh in plaintiff's favor.

We do not intimate that plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, we decline to do so. See

<u>Lassiter v. Dept. Social Services</u>, 452 U.S. 18 (1981). Accordingly,

  IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel is denied without prejudice.

            / s/ Amy Reynolds Hay
            AMY REYNOLDS HAY
            United States Magistrate Judge

Dated: 22 July 2008

cc: Douglas R. Birckbichler
   HJ-2822
   SCI Greene
   175 Progress Drive
   Waynesburg, PA 15370

   All Counsel of Record by Notice of Electronic Filing